UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN WORTH

v.  Case No.: 8:14-cv-693-T-24-MAP
 8:10-cr-417-T-24-MAP

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Petitioner Jonathan Worth's amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255.  Civ. Dkt. 11; Cr. Dkt. 110.  The government filed a response in opposition.  Civ. Dkt. 17.  Petitioner did not file a reply.  Upon review, the Court denies Petitioner's § 2255 motion.

**I.  Background**

On September 22, 2010, a federal grand jury indicted Petitioner on one count of bank robbery in violation of 18 U.S.C. § 2113(a).  Cr. Dkt. 16.  On January 7, 2011, Petitioner pled guilty without a plea agreement to one count of bank robbery in violation of 18 U.S.C. § 2113(a).  Cr. Dkts. 50, 66.  This Court accepted Petitioner's guilty plea on January 10, 2011, and on April 21, 2011, sentenced Petitioner to 180 months of imprisonment followed by a 36 month period of supervised release.  Cr. Dkts. 51, 66.  The Presentence Report ("PSR") classified Petitioner as a career offender as defined in USSG § 4B1.1 because Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense.  PSR ¶ 25.  The PSR included three prior convictions for crimes of violence that qualified Petitioner as a career offender:

>   (1) Petitioner was sentenced on May 9, 1995 in Florida state court to fifteen years imprisonment for aggravated battery;
>
>   (2) Petitioner was sentenced on May 9, 1995 in Florida state court to 52 months imprisonment for robbery; and
>
>   (3) Petitioner was sentenced on June 14, 1996 in the Middle District of Florida to 151 months imprisonment for bank robbery.

The advisory guidelines sentencing range for Petitioner was 168 to 210 months. PSR ¶ 92.

At the April 21, 2011 sentencing, Petitioner's attorney did not object to the facts and legal guideline calculations set forth in the PSR. Cr. Dkt. 82 at 6. However, Petitioner himself objected to the prior crimes of violence used to qualify him as a career offender based on the age of the convictions. *Id.* at 7. The Court explained why the prior crimes may be used to qualify Petitioner as a career offender and overruled the objection. *Id.* at 8-9, 39. The 180 month sentence (followed by 36 months of supervised release) represented a mid-range guideline sentence. *Id.* at 39-40.

Petitioner filed a direct appeal challenging his 180 month sentence; the Eleventh Circuit affirmed his sentence on June 21, 2012. Cr. Dkt. 98. The Supreme Court denied certiorari on March 18, 2013. Cr. Dkt. 104.

On March 17, 2014, Petitioner filed a timely 28 U.S.C. § 2255 motion. On April 25, 2014, this Court denied in part and dismissed without prejudice in part Petitioner's § 2255 motion and directed Petitioner to file an amended motion. Civ. Dkt. 3. In its order, this Court found that "nearly all of the 66 grounds for relief asserted by Petitioner were vague, conclusory, not cognizable on collateral review, or clearly belied by the record." *Id.* at 2. The Court permitted Petitioner to file an amended motion limited to the following claims, which were raised in his initial motion: (1) Petitioner's counsel was ineffective for failing to notify Petitioner that a career

offender enhancement may apply and by failing to challenge whether Petitioner qualified for a career offender enhancement; (2) Petitioner's counsel was ineffective for failing to pursue a plea agreement when the Government was offering favorable terms and the Government committed misconduct by later denying that any such plea agreement had been disclosed; (3) Petitioner's two attorneys were ineffective for failing to file a motion to dismiss Petitioner's indictment after telling Petitioner that they would do so; and (4) Petitioner's guilty plea was involuntary and unknowing, specifically that Petitioner's counsel coerced Petitioner into pleading guilty by intimidation, fear, mental force, and trickery.

## II.     Discussion

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel.  First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*.  Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *See id*.

In order to succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Under the first prong of the test, reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *See id*. at 690.  The movant carries a heavy burden, as reviewing courts "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional

3

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered a sound trial strategy." *Id*. at 689.

Simply showing that counsel erred is insufficient under this test. *See id*. at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. *See id*. at 692. Therefore, under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *See id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

### A. Ground One.

In ground one, Worth asserts that his counsel was ineffective because he did not inform Worth of the possibility of a sentencing enhancement prior to the entry of Worth's guilty plea. Civ. Dkt. 11 at 4. Worth also argues that his attorney and this Court deprived him of his due process rights by failing to provide Worth with notice that he was subject to the career offender sentencing enhancement. *Id*. Worth offers no authority for either argument and both lack merit.

First, there is no notice requirement that the Court or the government inform a defendant that he qualifies qualifies as a career offender before he enters his change of plea. The Eleventh Circuit in *Young v. United States*, 936 F.2d 533 (11th Cir. 1991) considered the notice issue and agreed with other circuits that the government does not have to provide notice "in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range." *Id.* at 536. *See also United States v. Kicklighter*, 346 Fed. App'x 516, 519 (11th Cir. 2009) (agreeing with the *Young* court that notice requirements do not apply when the government seeks to use prior convictions as the basis for a career offender enhancement).

4

Second, Worth's attorney was not ineffective for not informing him of the possibility of a career offender enhancement before the change of plea. In *United States v. Harrington*, 350 Fed. App'x. 363 (11th Cir. 2009), the Eleventh Circuit reviewed the district court's denial of Harrington's motion to withdraw his guilty plea based on the attorney's failure to inform Harrington he was subject to a career offender enhancement. At the sentencing, Harrington's attorney explained that he failed to advise Harrington, prior to entering the guilty plea, that he was eligible for a career offender sentencing enhancement. *Id.* at 366. The Eleventh Circuit found that because Harrington was advised by the district court of the maximum sentence and the fact that the court was not bound by (nor could Harrington rely on) counsel's sentencing estimates, Harrington failed to show that his plea was unknowing and involuntary. *Id.* at 369. *See also United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (affirming denial of the defendant's motion to withdraw his guilty plea based on the defendant's contention that he relied on his attorney's sentencing prediction, which failed to take into account defendant's career offender status, because the district court advised defendant during the plea colloquy that the statutory maximum sentence was life and that the court was not bound by counsel's predictions).

At the change of plea, Worth's counsel advised the magistrate judge that he had discussed the sentencing process with Worth, including the advisory guidelines and the possibility of variances. Cr. Dkt. 84 at 20. The magistrate judge advised Worth of the maximum penalties and Worth agreed that he understood the potential maximum penalties he faced, and that he had discussed the guidelines and their application with his attorney. *Id.* at 5-8, 16-18, 22. The magistrate judge informed Worth that the Court could depart from the guidelines and sentence him to "more severe than what you expected." *Id.* at 8. Worth told the magistrate judge that he was satisfied with the advice and representation of his counsel. *Id.* at 24.

Even if counsel's performance had been deficient—which it was not—Worth's ineffective assistance of counsel claim fails because he cannot demonstrate any resulting prejudice. At his sentencing, Worth challenged the career offender classification and the Court considered and rejected his objections to the classification. Cr. Dkt. 82 at 7-9. Ground one lacks merit and it is **DENIED**.

### B. Ground Two.

In ground two, Worth argues that his counsel was ineffective for failing "to seek and obtain a favorable plea for him, where the prosecution was offering him a plea agreement for five (5) years, without any recidivist enhancement." Civ. Dkt. 11 at 5. Worth alleges that his girlfriend told him that the government "was offering him a plea agreement of five years, without any recidivist enhancement" and that Worth told this information to his attorney who assured Worth that he would receive the five years plea agreement. *Id.*; Civ. Dkt. 12 at 9.

Not only has Worth offered no evidence (other than his conclusory allegations) that a plea agreement ever existed, but "defendants have no right to be offered a plea . . . nor a federal right that the judge accept it." *Lafler v. Cooper*, 132 S. Ct. 1376, 1386 (2012) (citing *Missouri v. Frye*, 132 S. Ct. 1399 (2012)). In fact, at the change of plea hearing, Worth stated that no promises had been made in order to persuade him to plead guilty. Crim. Dkt. 84 at 5. At the sentencing, the government confirmed that no plea agreement existed nor was one ever discussed. Crim. Dkt. 82 at 36-37.

Even if a plea agreement had existed, Worth cannot show that the Court would have accepted it or that the "plea would have resulted in a lesser charge or lower sentence," which is necessary to show prejudice under *Strickland*. *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012). The Tenth Circuit in *United States v. Boone*, 62 F.3d 323 (10th Cir. 1995) explained that:

> [e]ven if we assume, without deciding, that counsel's failure to negotiate with the prosecutor amounted to deficient performance under *Strickland*, [defendant] fails to satisfy the prejudice requirement. Without any showing that the prosecution was willing to enter plea negotiations with [defenant's] counsel, or that such plea would have been acceptable to the court, or that the resulting sentence would have been different than that imposed under the Sentencing Guidelines, all that the defendant urges is speculation, not a reasonable probability that the outcome would have been different.

*Id.* at 327. The same is true here. During the sentencing hearing, in response to Worth's allegations regarding the availability of a plea deal, the Court told Worth that even if such a promise existed, it would not bind the Court nor "would [it] have made any difference whatsoever." Cr. Dkt. 82 at 35-37. Worth is not entitled to relief on Ground Two.

Worth alleges prosecutorial misconduct based on the government's alleged denial of its discussion of a five year plea deal for Worth with Worth's girlfriend. In order to show prosecutorial misconduct, "(1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." *Id.* Here, Worth has made no showing of improper conduct or prejudice and ground two is **DENIED**.

### C. Ground Three.

Worth asserts that his counsel was ineffective for failing to challenge Worth's career offender designation in light of *Johnson v. United States*, 59 U.S. 133 (2010) and *Decamps v. United States*, 133 S. Ct. 2276 (2013). As explained below, Worth was properly designated as a career offender because he had at least two prior felony convictions of either a crime of violence

7

or a controlled substance offense. USSG § 4B1.1. In this case, Worth had three felony convictions for crimes of violence that qualified him as a career offender: (1) aggravated battery in 1995, a violation of Florida Statute 784.045; (2) robbery in 1995, a violation of Florida Statute 812.13; and (3) bank robbery in 1996, a violation of 18 U.S.C. § 2113(a)).

USSG § 4B1.2(a) defines a crime of violence as any offense under state or federal law, punishable by imprisonment for a term exceeding one year, that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The Commentary to § 4B1.2 states that a "'[c]rime of violence' includes …robbery …."

Thus, Worth's prior convictions for robbery and bank robbery are crimes of violence as they are specifically enumerated under the Guidelines. The case law supports this conclusion. *See United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011) (holding that Florida attempted robbery is an enumerated offense for career offender purposes and satisfies the definition of "crime of violence" under USSG § 4B1.2); *United States v. Shuck*, 481 Fed. App'x. 600 (11th Cir. 2012) (finding that bank robbery by intimidation under 18 U.S.C. § 2113(a) is a crime of violence for career offender enhancement). The crimes also qualify as crimes of violence because they "ha[ve] as an element of the use, attempted use, or threatened use of physical force against the person of another. USSG § 4B1.2(a)(1). Standing alone, Worth's bank robbery and robbery convictions are sufficient to qualify him for the career offender enhancement.

The aggravated battery conviction under section 784.05, Florida Statutes, is also a crime of violence. *Turner v. Warden*, 709 F.3d 1328, 1341 (11th Cir.), *cert. denied*, 133 S. Ct. 2873

(2013). Aggravated battery "has as an element the use, attempted use, or threatened use of physical force, indeed, *violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* (quoting *Johnson*, 130 S. Ct. at 1271) (emphasis in original).

Worth's three previous convictions for crimes of violence qualified him to be sentenced as a career offender and he was properly sentenced as such. Worth's counsel was not ineffective for failing to argue that Worth's three prior convictions were not qualifying offenses because any such argument would have been meritless and unsuccessful. Ground three is **DENIED**.

### D. Ground Four.

Although not presented in his § 2255 motion, Worth argues in his supporting memorandum that his counsel was ineffective for failing to raise a speedy indictment claim in a motion to dismiss the indictment. Civ. Dkt. 12 at 2-3. The Government correctly points out that this Court previously considered and denied this claim. Civ. Dkt. 3 at 6. The Court denied all speedy trial-related claims because Worth waived any claims under the Speedy Trial Act by pleading guilty. *Id.*; 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty . . . shall constitute a waiver of the right to dismissal."); *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). The Court specifically ordered that the claims addressed and denied were "**not [to] be asserted in Petitioner's amended motion**." (emphasis in original). Thus, ground four is not properly before this Court and it is **DENIED**.

### E. Ground Five.

Like ground four, ground five was not included in Worth's § 2255 motion, but is asserted in the supporting memorandum. In ground five, Worth argues that his counsel was ineffective in "fail[ing] to assist him at the guilty plea stage of the proceedings." Civ. Dkt. 12 at 4. Worth asserts

that this failure prejudiced him because his resulting guilty plea was entered unintelligently and involuntarily. *Id.*

Rule 11 requires that, before accepting a defendant's guilty plea, the court must assure that the defendant enters the plea knowingly and voluntarily. Fed. R. Crim. P. 11(b)(2). "In accepting a guilty plea, the court must 'specifically address three core principles, ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea.'" *United States v. Hammoud*, 229 Fed. App'x. 869, 874 (11th Cir. 2007) (quoting *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005)). Here, the record shows that the magistrate judge inquired into each at the change of plea hearing.

Worth stated that he was not promised anything, forced or threatened in any way into pleading guilty. Cr. Dkt. 84 at 4-5. The magistrate judge reviewed with Worth the penalties he was facing, including the fact that bank robbery carries a maximum sentence of up to twenty years imprisonment. *Id.* at 5, 16. Worth stated that he understood the charges against him (*id.* at 5-6, 16-17, 24-25), the consequences of his plea and the rights he was giving up in pleading guilty (*id.* at 5, 15-16, 23-24). Worth confirmed that he understood how the Court would determine his sentence and had no questions for the magistrate judge regarding the possible penalties. *Id.* at 6-8, 16, 17-19, 22. Worth stated that it was his decision to plead guilty and he wished to proceed with the plea. *Id.* at 21-22. Worth acknowledged and agreed with the factual basis in support of his plea. *Id.* at 25-26. Worth agreed that he was satisfied with his attorney. *Id.* at 24. The magistrate judge found that Worth's plea was knowing and voluntary and that he had an understanding of the charges against him, possible penalties, and rights he was giving up. *Id.* at 27.

Finally, Worth does not show that he was prejudiced by his guilty plea. "To prove prejudice in the context of a guilty plea, a defendant must show a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial." *Carrazana v. United States*, 508 Fed. App'x. 873, 875 (11th Cir. 2013). Nowhere in Worth's § 2255 motion or in the supporting memorandum does Worth even attempt to make such an argument. Thus, Worth does not show a deficient performance by his counsel or prejudice. Ground five is **DENIED**.

### F. Request for Evidentiary Hearing.

Worth requests on evidentiary hearing on his § 2255 motion. He is not entitled to an evidentiary hearing, nor is there any need for one in this case. It is Worth's burden to establish the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "That means that if a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Id*. Here, the allegations in Worth's § 2255 motion lack merit and he is not entitled to an evidentiary hearing.

### III. Conclusion.

Accordingly for the reasons stated above, Worth's § 2255 motion is **DENIED**. The Clerk is directed close the civil case and enter judgment in favor of the United States.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Worth is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 355-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Worth has not made the requisite showing in these circumstances. Finally, because Worth is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of January, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner